■ In the Matter of Joseph Spagnuolo, Petitioner, v Robert J. McGuire, as Police Commissioner of the City of New York, Respondent. — Determination of respondent dated March 5, 1981, confirmed, without costs, and without disbursements. Concur — Asch, Silverman, Bloom and Kassal, JJ.

Kupferman, J. P., dissents in the following memorandum. The petitioning police officer in this CPLR article 78 proceeding forfeited his pay and benefits during a period of four days when he was suspended from duty, and he also was penalized seven vacation days, as a result of a determination that he failed to obey the order of the police sergeant to stop the patrol car he was driving. I would annul the determination. The petitioner, who has an excellent record of awards and commendations from his department, was told by his commanding officer of his police precinct that he was "making too many arrests, accumulating too much overtime, and he had to reduce the number of his arrests." On the occasion involved, the petitioner who was driving a patrol car, exited the car, approached a male, removed an unknown white object from him, and then placed the male, handcuffed, in the rear of the radio car. The prisoner was subsequently arraigned on a charge of criminal possession of marihuana in the fifth degree, a class B misdemeanor. After making the arrest, the petitioner was returning the radio car to the station house, when the police sergeant with him directed him to stop the vehicle so he could determine why the arrest was made. When the petitioner attempted to use the radio microphone to notify the precinct, the sergeant prevented him from doing so. There were two specifications of charges against the petitioner, one — the failure to pull over and stop according to the order of his superior, and the second — the failure to obey the order not to make any radio transmission. The latter was dismissed. According to the memorandum, finding and analysis for the police commissioner by the deputy commissioner in charge of trials, it is obvious that the penalty was not for failure to obey the pull over and stop order, but because the petitioner was not following the direction to limit his arrests. However, the latter was not one of the charges against him. Moreover, once having made the arrest, the sergeant had no authority to discuss the matter other than at the station house or at central booking. Accordingly, such direction would be *ultra vires*.